**ZHENG–YAN LIU, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, United States Attorney General,[1] Respondents.**

**No. 07–4410–ag.**

United States Court of Appeals, Second Circuit.

April 4, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Anthony W. Norwood, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Zheng–Yan Liu, a native and citizen of the People's Republic of China, seeks review of a September 20, 2007 order of the BIA affirming the October 4, 2005 decision of Immigration Judge ("IJ") George T. Chew, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Zheng–Yan Liu, No. A97 661 237 (B.I.A. Sep. 20, 2007), aff'g No. A97 661 237 (Immig. Ct. N.Y. City Oct. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005); Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir. 2003).

■ We find that the record supports the agency's burden-of-proof finding. Liu argues that he is statutorily eligible for relief based on the persecution he suffered for his alleged resistance to China's family-planning policy. See 8 U.S.C. § 1101(a)(42); Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 309–10 (2d Cir. 2007) (en banc). But in Shi Liang Lin, we found that a petitioner whose

> "application for asylum was based upon his fiancée's two forced abortions and threats from family planning officials that they would fine and sterilize [him] if his fiancée became pregnant again … failed to demonstrate that he acted in a manner that could constitute 'resistance' or opposition to a coercive family control program."

494 F.3d at 314. Liu similarly claims that he and his wife "violated and opposed" the family-planning policy by having a second child in an urban household, that they had resisted abortion and sterilization procedures, and that they are wanted by the government "for sterilization." As in Shi Liang Lin, however, such assertions do not constitute "resistance or opposition to a coercive family control program." See id. Thus, the agency properly denied relief on that basis.

■ The agency also properly found that Liu did not establish a well-founded fear of future persecution. To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d

Cir.2004). A fear may be considered well-founded "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir. 2000) (citing *INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). However, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Here, the IJ found that Liu's fear of sterilization was speculative because he has never been detained or arrested, his two children currently live with his wife in China, she has never been forced to have an abortion, and she was able to avoid sterilization by paying a fine. Under these circumstances, the IJ properly found insufficient evidence that Liu will be singled out for future persecution. Moreover, because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, because Liu failed to argue that the agency erred in denying CAT relief or assert that he established a likelihood of torture upon return to China, we deem that claim abandoned. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.